# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **R+L CARRIERS, INC.,** *et al.*, | **CASE NO. 1:09-CV-00771-MRB** |
| Plaintiffs, | JUDGE:     BARRETT |
| v. | |
| **JOE ALBELO** | |
| Defendant. | |

## MOTION TO DISMISS FOR LACK OF
## PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)] OR, IN THE ALTERNATIVE,
## TO DISMISS OR TRANSFER FOR IMPROPER VENUE [F.R.C.P. 12(b)(3)]
## OR ALTERNATIVELY TO TRANSFER FOR CONVENIENCE [28 U.S.C. §1404(a)]

---

## I

## INTRODUCTION AND SUMMARY

This is an employment dispute filed by a large global corporate employer against an individual employee who is domiciled in California, was hired in California, worked in California, and was terminated in California. The corporate employer, plaintiff R+L Carriers, Inc. ("R+L"), failed to pay wages due and owing under California labor law. When the employee, Joe Albelo ("Albelo"), made a wage claim under California law, R+L filed this action in Ohio asserting diversity jurisdiction. R+L admits Albelo has a California wage claim. However, in a transparent effort to make it as costly as possible to get paid, R+L alleges a claim for misappropriation of

trade secrets arising from the fact Albelo downloaded personal and business data from his company computer in California to take with him on the day he was terminated. He was never subject to a confidentiality agreement and he has returned all the data, which he only took because he was ordered out of the office in one hour.

Albelo did not intend to "misappropriate" trade secrets; he simply downloaded everything at once, given the short notice to vacate his office.  He did not disclose the company data to anyone, he turned the hard drive over to R+L to confirm it has not been used, and he agreed to the preliminary injunction order proposed by plaintiff which has been filed with the Court [Decl. Albelo ¶¶14, 16, 19].  R+L agreed signing the injunction would not operate as a waiver of Albelo's right to object to personal jurisdiction [Decl. Haverkamp ¶2].  The facts submitted here show R+L's trade-secret claim is completely resolved by the injunction order because nothing was ever disclosed, and the only remaining claim is the California wage claim.  Nevertheless, by suing in Ohio, R+L persists in making it expensive for its former California employee to recover his unpaid wages.

Albelo seeks dismissal of this action based upon a lack of personal jurisdiction in Ohio or improper venue in Ohio.   In the alternative Albelo requests transfer to a proper and convenient forum, the United States District Court for the Southern District of California.

## II

## FACTS

The following facts are set forth in verified declarations and supporting exhibits filed herewith and incorporated herein.

### A.    R+L

R+L has its principal place of business in Ohio.  It is a huge shipping and delivery company that does business all over the world.  It handles about 30,000 shipments a day and has annual gross receipts in excess of $1 billion.  R+L has about 10,000 employees nationwide and has eleven operating terminals in California.   It has

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

five terminals in Southern California; it leases one property, but owns the other four properties, including the San Diego terminal where Albelo worked [Decl. Albelo ¶¶3,7].

**B.   ALBELO'S RELATIONSHIP WITH R+L AND OHIO**

Albelo has been a California resident for the past thirteen years.  He owns a home in San Diego, California, and has never owned any property in Ohio.  He has never had a bank account or been employed in Ohio.  His sole contacts with Ohio are limited to interviewing with R+L and a few business trips to Ohio, during which none of the events giving rise to the present dispute occurred [Decl. Albelo ¶¶1,2,9].

In June 2008, Albelo was employed by another shipping company in San Diego when he was invited by R+L to come to Ohio for an interview to discuss possible employment in R+L's San Diego office.  He flew to Ohio for an interview, but no offer was made.  He flew back to San Diego the same day.   Thereafter, job-related negotiations took place by telephone and e-mail.  On June 10, 2008, Albelo received a written offer of employment from R+L via e-mail at his personal home computer in San Diego [Decl. Albelo ¶¶4,5,6].  (Copy attached hereto as Exhibit A).

Albelo accepted the offer from San Diego and began work as Vice President of Sales/West on June 16, 2008.   He was responsible for sales and growth for the West Region.   At all times while employed by R+L, he worked out of R+L's San Diego office.   He visited Ohio three or four times for business meetings where he presented issues related to the West Region.  He never signed a confidentiality agreement [Decl. Albelo ¶¶7,9].

Albelo was given a company laptop on which he loaded information germane to his job together with personal information, including his family tax returns, personal financial information, a splash program with passwords for personal accounts, insurance policies, family photos, videos and music [Decl. Albelo ¶10].

On September 25, 2009, while at work in his San Diego office, Albelo's supervisor suddenly announced he was terminated effective immediately, and had one

hour to gather his personal belongings and depart.  He was totally blind-sided because he had exceeded all sales goals and received a favorable performance review [Decl. Albelo ¶¶8, 10].

With one hour to pack up, Albelo tried to transfer his personal information from the company laptop to his home computer, but R+L had cut off his internet access, so he could not perform the transfer.  Then, solely for the purpose of preserving his personal data – *not* for the purpose of misappropriating anything – he copied the entire contents of his laptop onto an external hard drive to take with him.   He copied the business data only because he did not have the time or means to select only the personal data to copy.  He left the company laptop with R+L.  None of the company information was obtained or accessed from R+L's computer files; rather, it was e-mailed to him in San Diego.  Thus, the alleged "trade secrets" were not taken in or from Ohio, but were copied in San Diego from files that had been sent to Albelo for his use in San Diego.  At no time has Albelo disclosed any of this information to anyone other than counsel herein [Decl. Albelo ¶¶11, 14, 15, 16].

R+L has no facts showing Albelo has disclosed or in any way used any company information causing it any damage.

**C.   THE DISPUTE**

After he was terminated, Albelo's attorney wrote a demand for unpaid wages under California law.  In response to Albelo's wage demand, R+L asserted for the first time a claim he had misappropriated trade secrets [Decl. Albelo ¶17].   Albelo was always willing to return any R+L information and do whatever was necessary to assure R+L that no company information has been or will be disclosed.  When Albelo's counsel threatened to file a California claim for unpaid wages, R+L suddenly filed this action in Ohio.  The papers were personally served on Albelo in San Diego.

The complaint alleges claims for misappropriation of trade secrets and breach of fiduciary duty (based upon the alleged misappropriation of trade secrets) and seeks injunctive relief to enjoin Albelo from using or disclosing any trade secrets, and

various related actions such as returning all such information [Complaint filed 10.22.09]. The complaint also alleges a claim for "Declaratory Judgment" based upon Albelo's claim for unpaid wages [Complaint at ¶43].

R+L also served Albelo with a motion for temporary restraining order as to the trade secrets. Albelo's San Diego attorney promptly negotiated an agreement to resolve the trade-secrets claim so as to satisfy all of R+L's concerns. Albelo turned over the hard drive to his attorney, who made it available to R+L's expert to examine, which occurred on November 17, 2009 [Decl. Haverkamp ¶3]. Albelo agreed to the preliminary injunction order drafted by R+L without any changes, and that Order was filed with this Court. (Copy attached hereto as Exhibit B). The Order provides R+L with everything it was seeking in the complaint. Albelo never used or disclosed any trade secrets, so R+L has no damages. Its *fear* that Albelo might disclose trade secrets has been resolved by the injunction.

Assuming this case is dismissed, Albelo will pursue his California wage claim in California, and will stipulate to a confidentiality agreement or injunction as to the alleged trade secrets.

### III

### DEFENDANT ALBELO LACKS MINIMUM CONTACTS WITH OHIO

As stated, Albelo is domiciled in San Diego, California. He was personally served with the summons and complaint at his home in San Diego, and he did not consent to personal jurisdiction in Ohio [Decl. Albelo ¶22]. In a diversity case, absent physical presence or consent, federal jurisdiction is based upon the law of the forum state subject to the due process clause, as expounded in the well-known "minimum contacts" test set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Reynolds v. International Amateur Athletic Fed.*, 23 F.3d 1110, 1115 (6th Cir. 1994).

Even if jurisdiction were found under the Ohio long-arm statute, the Court must be satisfied that minimum contacts are met so as not to offend "traditional notions of

fair play and substantial justice" [*Id.* p. 1119].   This is a fact-based inquiry and, although the Court construes the facts alleged in the light most favorable to the plaintiff, in the face of a properly supported motion for dismissal, the plaintiff may not stand on the pleading but must, by affidavit or otherwise, set forth facts showing the Court has personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458-1459 (6th Cir. 1991).

R+L alleges personal jurisdiction over Albelo based upon two contentions: 1) defendant's wrongful act of misappropriating trade secrets in Ohio, which caused injury within the State of Ohio, and 2) Albelo knowingly entered into an employment relationship with an Ohio company and engaged in discussions and meetings in Ohio in connection with his job [Complaint at ¶3].   The first contention is factually false and, in light of the preliminary injunction Order, is now moot.   Again, R+L has received everything it sought.   As for the contention Albelo is subject to personal jurisdiction due to his employment relationship, more is needed under Ohio law and certainly under the due process standards.

Ohio's long-arm statute provides a list of various circumstances giving rise to personal jurisdiction, and none apply here [O.R.C. §2307.382].   The argument that Albelo's status as an employee of an Ohio corporation subjects him to personal jurisdiction is easily dispatched.   Employee status is not one of the criteria under the Ohio statute, and there is no authority holding that a non-resident who is simply employed by a corporation in the forum State, without more, is subject to personal jurisdiction.   Albelo was not hired in Ohio, he did not work there and he was terminated in California, where the alleged misappropriation occurred.   R+L has thousands of employees all over the country and they cannot all be subject to personal jurisdiction in Ohio simply based upon R+L's domicile.   The minimum-contacts test looks at the *defendant's conduct*, not solely the location of the plaintiff.   *Reynolds*, *supra*, 23 F.2d at 1116.   In fact, the Supreme Court held that a contract standing alone is not sufficient to establish minimum contacts.   *Burger King Co. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

Here, R+L essentially argues the mere existence of an employment contract is sufficient, and under the above authority the Court must reject the notion that employment by an Ohio company alone confers personal jurisdiction over employees.

Next, R+L tried to allege Albelo misappropriated trade secrets in Ohio and caused injury in Ohio but, as shown by the evidence submitted here, the alleged "misappropriation" occurred in San Diego and R+L has suffered no injury in Ohio or anywhere.   The trade-secrets claim has been resolved by agreement and, even if it was still a viable claim, more is needed under these facts to confer jurisdiction.   By sworn declaration, Albelo has shown he did not copy the information in Ohio and the information was located in San Diego.   Further, he did not cause any injury to R+L in Ohio, and the burden now shifts to R+L to show otherwise.  It cannot do so.

Besides, simply alleging a corporation suffered injury in the forum State is insufficient where the defendant's conduct did not occur in and was not aimed at the forum State.  *Reynolds*, *supra*, 23 F.3d at 1119; *Oasis Corp. v. Judd*, 132 F.Supp.2ed 612 (S.D. Ohio 2001).   In both *Reynolds* and *Oasis*, plaintiffs tried to argue a business tort committed outside the State caused injury to the plaintiff in Ohio, thereby establishing personal jurisdiction over the defendant.   The courts rejected this simplistic argument and required more contacts by the defendant to comport with traditional notions of fair play and substantial justice.  *Reynolds*, *supra*, 23 F.3d at 1120-1121; *Oasis*, *supra*, 132 F.Supp.2d at 621-624.

Albelo's contacts with Ohio are not sufficient to fairly say he purposely availed himself of the privilege of acting in Ohio.   He was only in the State a few times and all for the purpose of making a living in California.   Even the alleged misappropriation, which he vehemently denies, would only benefit his career in California where he continues to work and live.   Even assuming he had a sales advantage from R+L's company information, that advantage would be in making sales in the West Region, not in Ohio.

There would be nothing fair about forcing an individual employee to litigate his California wage claim in Ohio.  Litigating this action in Ohio, requiring travel and two

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

sets of attorneys, makes it economically unfeasible for out-of-State employees to recover wages due.  No reasonable person would expect he would be forced to go half-way across the country to force his employer to pay him.

## IV

### THE ACTION SHOULD BE DISMISSED

### FOR IMPROPER VENUE UNDER 28 USC §1391(a)

In a diversity action, venue is proper only in a district where the defendant resides or where a substantial part of the events or omissions on which the claim is based occurred, or where the property is located or, if there is no district in which the action may be brought, then any district where the defendant is subject to personal jurisdiction [28 USC §1391(a)].   Venue is not proper in Ohio because, as shown by the facts submitted herewith, defendant Albelo resides in California, virtually all the events that give rise to this action occurred in California, and there is no property at issue.

R+L alleges venue is proper in Ohio because the events took place in Ohio but, as shown here, that is not true.   When venue is premised upon "the events," the Court looks at the entire sequence of events that are key to the dispute – not just a selected piece of the story.   In this case the facts central to the dispute are the failure to pay wages due and the alleged misappropriation of trade secrets, and these occurred in California.   Also, even assuming Albelo tried to use trade secrets, according to R+L's own admissions, the effect would be in California where defendant would allegedly have the ability to steal customers [*see* page 11 of Plaintiff's Motion for Temporary Restraining Order].

By contrast, the events that occurred in Ohio are minor background facts: one visit for an interview and a few business meetings.   These events are not a substantial part of the dispute and they are not sufficient events to justify venue.   *Uffner v. LaReunion Francaise, SA*, 244 F.3d 38 (1st Cir. 2001); *First Michigan Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998).

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

Based upon the facts of this case, the action should be dismissed for improper venue or, in the alternative, transferred to the Southern District of California where venue is proper, as the defendant resides there and a substantial part of the events occurred there.

## V

## THE COURT SHOULD TRANSFER THE ACTION
## FOR CONVENIENCE UNDER 28 U.S.C. 1404(a)

If the Court finds personal jurisdiction and proper venue, it still has the discretion to transfer the action to the Southern District Court in California, where it could have been brought based upon the convenience of the parties, witnesses and in the interest of justice [28 U.S.C. 1404(a)].   As shown above, the action might have been brought in the Southern District of California because that court has personal jurisdiction over defendant (based upon his domicile in that district) and a substantial part of the events occurred there.

In exercising its discretion the Court should consider the following:

➢ **Convenience of the parties:** plaintiff R+L is a large corporation with a significant presence in Southern California, including 150 employees, five offices and ownership of property.  By contract, Albelo is an individual with no connection to Ohio.  He would incur the burden and expense of traveling, hotels, meals, and time away from home and his new job.  Dealing with out-of-state litigation is more difficult for an individual who must deal with local and out-of-state lawyers, compared to R+L which has staff attorneys.  The burden on Albelo will be far heavier than the burden on R+L.

➢ **Convenience of the witnesses:** as for the wage claim, the primary witness will be Albelo, and the rest of the evidence on the wage claim will be business records that are just as easily produced in San Diego as in Ohio [Decl. Albelo ¶21].  As for the trade-secrets claim, according to R+L's Motion for Temporary Restraining Order, the information Albelo allegedly took will allow him to divert business away from R+L to his new employer.

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

Albelo's new job is in sales for the territory of California, so the customer witnesses would be in California.  Also, the R+L witness with personal knowledge of the loss of any California customers would be the local R+L sales representative, a resident of California [Decl. Albelo ¶23].   Any testimony on these issues from R+L people in Ohio would be second-hand information obtained from the R+L California employees with first-hand knowledge of the California clients and sales issues.

➢ **Injunctive relief:** R+L's injunction on the trade-secrets issue will be enforced, if at all, in California since that is where any disputes over a violation would occur.  It would involve conduct in California involving California customers.  A court in California will be better able to efficiently deal with such issues.  In the interest of judicial economy, the injunction should be handled by a California court.

➢ **Relative means of the parties:**  as stated, the burden will be far heavier on Albelo to litigate this matter in Ohio.  He was unemployed from September until December 2009, and he believes that burden is the true motive for filing this action in Ohio.  The burden and expense of litigating in Ohio is clearly intended to discourage him from pursuing his wage claim.

➢ **Governing law:** The California Labor Code applies to Albelo's wage claim.  The Southern District of California routinely applies California law.  The law governing the trade-secrets claim, even if that claim were still viable, is premised on the Uniform Trade Secrets Act which is, by definition, "uniform."

## VI

## CONCLUSION

Based upon the foregoing and the evidence submitted herewith, defendant respectfully requests the Court dismiss the action for lack of personal jurisdiction or

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**

improper venue. In the alternative, the action should be transferred to the Southern District of California.

Respectfully Submitted,

/s/ Marc D. Mezibov
Marc D. Mezibov   [0019316]
**Trial Attorney**

The Law Office of Marc Mezibov, Inc.
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
513.621.8800
mmezibov@mezibov.com

Albert E. Haverkamp   [151830]
Lucas & Haverkamp Law Firm
4350 Executive Drive, Suite 260
San Diego, California 92121
858.535.4000 / 858.535.4001 fax
ahaverkamp@lucashaverkamp.com

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered via PACER/ECF to O. Judson Scheaf III and Diane M. Goderre, Thompson Hine, 41 South High Street, Suite 1700, Columbus, Ohio 43215 and via electronic and regular mail to Albert E. Haverkamp, Lucas & Haverkamp Law Firm, 4350 Executive Drive, Suite 260, San Diego, California 92121, on this 8th day of December, 2009.

/s/ Marc D. Mezibov
Marc D. Mezibov (No. 0019316)

**MOTION TO DISMISS [LACK OF PERSONAL JURISDICTION/IMPROPER VENUE]**